THE FECHHEIMER-KIEFER COMPANY *v.* KEMPNER.

Opinion delivered January 25, 1915.

1.  TRIAL—REMARKS OF TRIAL JUDGE—VERACITY OF WITNESS—OPINION.— Under the Constitution it is prejudicial error for a trial judge to express his opinion as to the credibility or veracity of a witness during a jury trial.

2.  TRIAL—OPINION OF TRIAL JUDGE—FACTS.—Any expression or intimation of an opinion by a trial judge during a jury trial as to questions of fact or the credibility of witnesses, necessary for the jury to decide in order to render a verdict, tends to deprive one or more of the parties to the litigation of the benefits of the Constitution, and constitutes prejudicial error.

3.  EVIDENCE—SELF-SERVING DECLARATIONS.—In an action on a promissory note by appellant against appellee, by way of defense appellee testified to facts tending to show that the note did not evidence any debt; *held*, statements of a witness tending to confirm appellee's self-serving declarations are inadmissible.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant brought suit on a promissory note executed by appellee, dated at Cincinnati, December 28, 1908, for $9,053.00, payable to its order, at its office one day after date. Certain credits were endorsed on the note and there was a prayer for judgment for $7,350.98, the balance due thereon.

Appellee answered and admitted the execution of the note, but denied that the note evidenced any debt due by him, and stated that the circumstances of its execution were as follows: One Al Cohn, a merchant in Little Rock, had been a customer of appellant for a number of years, and the balance due by him grew from year to year until on the date of the note it had reached the sum named in the note. That Cohn desired credit from other houses, whose officers knew he had extensive dealings with appellant, and, in order to make it appear that he was not indebted to appellant and to thereby secure additional credit, it was agreed that appellant should assign its account against Cohn to appellee, who had for many years been employed by it as a traveling salesman, and this result was accomplished by the execution of the note sued on and the execution of an assignment of Cohn's account to appellee, but that it was expressly agreed that appellee should not be liable for the payment of the note, but should only pay whatever sum he might collect from Cohn. It was further alleged that Cohn shortly afterward became a bankrupt, and that appellee probated the account against his estate and collected and remitted dividends, in the doing of which he acted for appellant, and not for himself. Appellee offered proof legally sufficient to support these allegations.

Appellant denied there was any understanding whereby appellee was relieved from liability for the payment of the note, and offered evidence tending to show that appellee had personally loaned Cohn large sums of money and had guaranteed the 1907 account, and was very desirous of having Cohn continue in business, and in having additional credit extended to him by other business houses. It denied that it probated any claim in

bankruptcy against Cohn, or that it authorized appellee to do so, and this question of fact appears to have been largely controlling in the verdict of the jury. Appellee admits that, in probating the account in his own name, he filed an affidavit which contained among others, the following recitals: "(Kempner) makes oath and says that Al Cohn, the person against whom a petition for adjudication of bankruptcy has been filed, was, at and before the filing of said petition, and still is, justly and truly indebted to said deponent in the sum of $17,971.87, of which amount $9,053.00 was on account that said Al Cohn owed Fechheimer-Kiefer Company for goods and merchandise bought by him from said firm, which account was purchased by this deponent and now belongs to him, and that no part of said debt has been paid except as herein stated. * * *"

When this affidavit was offered in evidence, the court remarked: "(*Court*): The court instructs the jury right now that that affidavit that was attached to that claim in the Federal Court, proving up that claim, there is nothing wrong in that; he had a right to swear that he owned that; there was no false oath at all in that."

Exceptions were duly saved to this statement of the court.

In corroboration of appellee's version of the transaction between the parties culminating in the execution of the note, Cohn was permitted to testify about a conversation had in Little Rock between himself and appellee to the following effect: That appellee came to him and was given a statement by Cohn showing his (Cohn's) financial condition, and they agreed on the representations to be made appellant to induce the extension of further credit, and that appellee did go to Cincinnati and on his return brought back the papers which in effect gave the required extension, these being the note and a statement of the account and its assignment.

We do not set the evidence out in further detail, as we have stated the respective theories of the parties, and the evidence conflicted so sharply that it can not be reconciled.

There appears to have been no error in instructing the jury, and a verdict was returned in appellee's favor, and this appeal has been duly prosecuted from the judgment rendered thereon.

*Marshall & Coffman,* for appellant.

The court's instruction to the jury with reference to the affidavit attached to the claim in the Federal Court was plainly an instruction on the weight of the evidence, and reversible error. 51 Ark. 155; 38 Cyc. 1316-1321.

*Sam Frauenthal* and *L. B. Harrod,* for appellee.

The court's remarks were not an instruction on the weight of the evidence. It amounted to a simple declaration that, as a matter of law, the legal title to the account, as is shown by the evidence, having been transferred to appellee, he was not an improper party to make the affidavit to the claim in the bankruptcy court. It was not erroneous. 38 Cyc. 1651; 102 Ark. 302; 90 Ark. 78; 86 Ark. 548; 85 Ark. 293; 84 Ark. 81.

SMITH, J., (after stating the facts). We think the remark of the court in regard to the purpose and effect of appellee's affidavit constitutes prejudicial error which calls for the reversal of the case. The statement of the court may have been true and appellee's action in making this affidavit may have been authorized by appellant; but that is the very issue the jury was trying, the decision of which would necessarily be controlling in the rendition of their verdict. Appellant was strongly urging that appellee, in making this affidavit, was acting for himself, and not for it, and offered much evidence in support of this position, and the jury should have been permitted to pass upon that contention uninfluenced by any action of the trial court. Appellee had been permitted to explain this affidavit in detail, and had been sharply cross-examined in regard to it, and an attempt had been made by appellant's counsel to show by cross-examination that appellee's version of the transaction was not true, and the remark of the court, upon the formal introduction of the affidavit in evidence, tended, in a measure at least, to sustain appellee in his contention.

(1-2)    The rule which should be observed by trial judges in cases arising before them, where there is a question of the veracity of witnesses, is stated by this court in the opinion in the case of *Sharp* v. *State,* 51 Ark. 155, where it was said:

"In all trials the judge should preside with impartiality. In jury trials especially, he ought to be cautious and circumspect in his language and conduct before the jury. He should not express or intimate an opinion as to the credibility of a witness or as to controverted facts. For the jury are the sole judges of fact and the credibility of witnesses; and the Constitution expressly prohibits the judge from charging them as to the facts. The manifest object of this prohibition was to give to the parties to the trial the full benefit of the judgment of the jury, as to facts, unbiased and unaffected by the opinion of judges. Any expression or intimation of an opinion by the judge as to questions of fact or the credibility of witnesses necessary for them to decide in order for them to render a verdict would tend to deprive one or more of the parties of the benefits guaranteed by the Constitution, and would be a palpable violation of the organic law of the State."

(3)    We think, too, the court should not have permitted Cohn to detail the conversation which he had with appellee in regard to the representations which appellee was to thereafter make to appellant to secure the desired extension of time for the payment of the account. It is said this evidence is not erroneous and prejudicial, because it is admitted that appellee was appellant's agent, and that appellant is, therefore, bound by these statements. But this is not a suit between appellant and Cohn, and Cohn's evidence serves to bolster up the self-serving statements of Kempner in this suit against Kempner. The rule which excludes proof of self-serving acts and declarations renders this evidence incompetent. *Hamburg Bank* v. *George,* 92 Ark. 472.

For the errors indicated, the judgment of the court below will be reversed and the cause remanded for a new trial.

HART and KIRBY, JJ., dissent.