Willie GREEN *v.* STATE of Arkansas

CR 99-323 33 S.W.3d 485

Supreme Court of Arkansas
Opinion delivered December 14, 2000

*John Wesley Hall, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Mac Golden*, Ass't Att'y Gen., for appellee.

LAVENSKI R. SMITH, Justice. Willie Leon Green appeals the denial of his petition for postconviction relief under Ark. R. Crim. P. 37. A Pulaski County jury convicted Green of first-degree murder in the death of Little Rock Police Detective Joseph Fisher and for the attempted capital murder of Little Rock Police Detective Frederick Lee. Green was sentenced to consecutive terms of life imprisonment plus thirty years for the crimes. Green makes one argument on appeal. He argues that the trial court clearly erred when it did not find ineffective assistance of counsel based on his attorney's failure to object to a question about perjury by the trial judge to a defense witness.

*Facts*

On February 7, 1995, police obtained a search warrant for Green's residence in furtherance of a narcotics investigation. The detectives arrived on the scene at approximately 7:55 p.m. According to police, they yelled in unison at the top of their voices, "Police, search warrant, police,"and they then immediately broke open the door with the use of a battering ram. Upon entry, Green fired a pistol he kept on his person, killing Detective Fisher and seriously wounding Detective Lee. Green testified that he carried

the pistol for protection due to a robbery one month previous. During that intrusion, robbers wearing ski masks broke through the door in a manner similar to that used by police. Green's girlfriend, Donna Finney, was present in the living room when the police entered. Finney thus became an important trial witness.

At Green's trial, Finney testified both as a state witness and on Green's behalf. On direct examination, the State questioned Finney regarding Green's drug involvement. In response, Finney denied that Green sold drugs out of the apartment. She acknowledged, however, that she had previously agreed with detectives during an interview that Green sold crack cocaine from the apartment. She explained the contradiction by asserting that her earlier statement was not true and that she was afraid at that time. Finney also acknowledged that she had told police that Green had communicated to her his fear of being raided by narcotics police but recanted that statement as well.

Thereafter, Green's counsel began to cross-examine Finney about her statement. However, following a prosecution objection as to scope, the court interposed and the following exchange took place:

> THE COURT: ...But Ms. Finney, are you aware of what perjury is?
>
> THE WITNESS: Huh-uh.
>
> THE COURT: Perjury is lying in an official proceeding, which this is. Not telling the truth. The consequences of that are that if you are convicted, you can be sent to the penitentiary from three to ten years and fined up to $10,000.
>
> You are now under oath and you are sworn to tell the truth. Do you understand that?

Green's counsel did not object to the court's question and statement to Finney. Nor did he seek a mistrial. This court affirmed Finney's direct appeal holding that substantial evidence supported the jury's verdict and that his counsel failed to preserve the issue of the judge's comment by not making a contemporaneous objection. In the Rule 37 hearing, the attorney testified, "It just went by me."

*Standard of Review*

■■ Where the issue is ineffective assistance of counsel, the reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Thomas v. State,* 330 Ark. 442, 954 S.W.2d 255 (1997). To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., that the decision reached would have been different absent the errors. *Id.* A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Id.* In making a determination on a claim of ineffectiveness, the totality of the evidence before the factfinder must be considered. *Chenowith v. State,* 341 Ark. 722, 19 S.W.3d 612 (2000). This court will not reverse the denial of post-conviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Jones v. State,* 340 Ark. 1, 8 S.W.3d 482 (2000); *State v. Dillard,* 338 Ark. 571, 998 S.W.2d 750 (1999); *Noel v. State,* 342 Ark. 35, 26 S.W.3d 123 (2000).

*Ineffective Assistance of Counsel*

■ The oft-repeated criteria for assessing the effectiveness of counsel were first enunciated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). *Strickland* provides that when a convicted defendant complains of ineffective assistance of counsel he must show that counsel's representation fell below an objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different. *Id.* We have adopted the rationale of *Strickland* and held that:

> To prevail on any claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Secondly, the petitioner must show that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial.

*Thomas v. State*, 330 Ark. 442, 954 S.W.2d 255 (1997); *Reynolds v. State*, 341 Ark. 387, 18 S.W.3d 331 (2000).

## Law of the Case

Green contends that we are now compelled to hold that the trial court's comment to Finney was error by the law-of-the-case doctrine. In our opinion on Green's direct appeal, this court stated, "There is no doubt that the trial court intimated that it found the testimony of Ms. Finney not to be believable." *Green v. State*, 330 Ark. 458, 956 S.W.2d 849 (1997). This court in that opinion went on to discuss other prior cases involving impermissible comments on the evidence by the court. The court, however, then concluded the issue could not be reached, noting our consistent rejection of the plain error rule, and noting Green had not objected and none of the *Wicks* exceptions applied. (*See Wicks v. State*, 270 Ark. 781, 606 S.W.2d 154 (1980). In response, the State argues that the *Green* court's statement was obiter dicta that may be ignored by this court on this appeal on the Rule 37 petition. We agree with the State.

■ The law-of-the-case doctrine does dictate that a decision made in a prior appeal may not be revisited in a subsequent appeal. *Mode v. State.* 234 Ark. 46, 350 S.W.2d 675 (1961). We have long held that a decision in a prior appeal becomes the law of the case. *Bowman v. State*, 93 Ark. 168, 129 S.W. 80 (1909). This is true even if the decision was wrongly decided. *Rankin v. Schofield*, 81 Ark. 440, 98 S.W. 674 (1905). The conclusion of the court in one opinion becomes the law of the case on subsequent proceedings on the same cause and the matter is res judicata. *Perry v. Little Rock & Fort Smith Railway Cp.*, 44 Ark. 383, 395 (1884). The doctrine requires that matters decided in the first appeal be considered concluded. The doctrine is not inflexible and does not absolutely preclude correction of error, but it prevents an issue already decided from being raised in a subsequent appeal unless the evidence materially varies between the two appeals. *Carmargo v. State*, 337 Ark. 105, 987 S.W.2d 680 (1999).

■ Courts developed the doctrine to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. *Fairchild v. Norris*, 317 Ark. 166, 876 S.W.2d 588 (1994). The doctrine requires that matters

decided in a prior appeal be considered concluded. *Camargo v. State*, 337 Ark. 105, 987 S.W.2d 680 (1999); *Davis v. State*, 325 Ark. 96, 925 S.W.2d 768 (1996); *Mauppin v. State*, 314 Ark. 566, 865 S.W.2d 270 (1993). While a decision of the court will not be disturbed because it is law of the case under res judicata, the court is not bound by a conclusion stated as *obiter dictum*, even if couched in terms that infer the court reached a conclusion on a matter. This is so because *obiter dictum* is mere comment and not a decision of the court, and therefore not binding as the law of the case under res judicata. In an opinion, the court may sustain by comment an argument presented by *obiter dictum. Peeples v. State*, 305 Ark. 338, 808 S.W.2d 331 (1991). However, a comment on the evidence does not rise to a decision or holding by the court. *Smith v. City of Little Rock*, 279 Ark. 4, 648 S.W.2d 454 (1983).

■ Where discussion or comment in an opinion is not necessary to the decision reached therein, the discussion or comment is an *obiter dictum. Nashville Livestock Common v. Cox*, 302 Ark. 69, 787 S.W.2d 664 (1990). In *Couch v. State*, 274 Ark. 29, 621 S.W.2d 694 (1981), the court noted that even though the opinion stated, as *obiter dictum*, that upon retrial an instruction on first-degree murder ought to be given, that was not a point in issue and thus not binding. Dicta consists of statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand, and they lack the force of an adjudication. *Garrett v. Andrews*, 294 Ark. 160, 741 S.W.2d 257 (1987). "We point this out so that the dicta in one decision will not be seized on as the ratio decidendi in the next decision...." *McLeod, Comm. Of Revenues v. J. E. Dilworth Co.*, 205 Ark. 780, 171 S.W.2d 62 (1943).

■ Without question, this court in the prior opinion stated that the trial court was expressing its conclusion that Finney's testimony was unbelievable. However, this court then held that Green's failure to object prevented appellate review of the propriety of the comment. Therefore, this court's holding did not turn on the trial court's comment but upon failure to preserve. The court's decision would have been the same in the absence of the statement characterizing the trial judge's comments. The opinion did not reach the issue of the trial court's comment and hence was not actually decided. No adjudication took place that would bind this court

now. Consequently, we hold that the law-of-the-case doctrine does not apply to this appeal.

We now turn our attention to the trial court's comments. The judge's comment can be summarized as an inquiry as to whether Finney knew what perjury was, an explanation of perjury, and then inquiry as to whether Finney understood she was sworn to tell the truth. The issue becomes whether the judge's comments were error, and then if so, whether the failure to object constitutes ineffective assistance of counsel.

■ With respect to the duties of a judge, this court has stated, "[W]e have consistently acknowledged the great influence that a trial judge has on jurors. He must, therefore, refrain from impatient remarks or unnecessary comments which might indicate his personal feelings or which might tend to influence the minds of jurors to the prejudice of a litigant. *See Oglesby v. State*, 299 Ark. 403, 773 S.W.2d 443 (1989)." *Jones v. State*, 301 Ark. 530, 785 S.W.2d 218 (1990). This court in that same case went on to note, "[T]he trial judge is the one person who controls the conduct of all participants in the course of a trial, from beginning to end, and instructs the jury regarding the law which must be applied to the facts." *Id.*

■ Hence, a judge presiding at a trial should manifest the most impartial fairness in the conduct of the case. *Chapman v. State*, 257 Ark. 415, 516 S.W.2d 598 (1974); *Jones v. State*, 301 Ark. 530, 785 S.W.2d 218 (1990). In *Miller v. State*, 239 Ark. 836, 394 S.W.2d 601 (1965), this court stated, "[W]e believe it would be a good practice for all courts to refrain from making any statement, other than a judicial ruling, that might have a tendency to influence a jury in arriving at a verdict in a pending case." Further, "[i]n a jury trial there is probably no factor that makes a more indelible impression on a juror than the attitudes, statements and opinions of the trial judge. To them, his word is the law. *McMillan v. State*, 229 Ark. 249, 314 S.W.2d 483 (1958). The trial judge should always preside with impartiality and must be cautious and circumspect in his language, for it is the jury that is the sole judge of the facts and the credibility of witnesses. *Fechheimer-Kiefer Co. v. Kempner*, 116 Ark. 482, 173 S.W. 179 (1915); *Sharp v. State*, 51 Ark. 147, 10 S.W. 228, 14 Am. St. Rep. 27 (1889). Because of his influence with the jury, remarks by the trial judge may tend to prejudice a litigant by destroying the weight and credibility of testimony in his behalf in the minds of the

jury. Although the judge may not intend to give an undue advantage to one party, his influence may quite likely produce that result. *Fuller v. State,* 217 Ark. 679, 232 S.W.2d 988 (1950); *Seale v. State,* 240 Ark. 466, 400 S.W.2d 269 (1966); *McMillan v. State, supra.*" *West v. State,* 255 Ark. 668, 672, 501 S.W.2d 771 (1973). A judge is not to charge a jury as to matters of fact. Ark. Const. art. 7, § 3. This prohibition applies to remarks of a judge that go to the credibility and the weight of testimony. *West,* 255 Ark., at 672-673; *Fuller v. State ,* 217 Ark. 679, 683, 232 S.W.2d 988 (1950); *St. Louis S.W. Ry. Co. v. Britton,* 107 Ark. 158, 169, 154 S.W. 215 (1913).

█ The court's statements came just as the State had completed its direct examination of Finney, in which she testified in direct contradiction to her statement to police. It appears to us that the comment was made to encourage Finney to carefully consider her testimony to avoid a perjury charge and not to communicate the jury the court's disbelief of her. While the court's comments were improvident, they are not as egregious as comments cited by this court in the past in cases where reversible error was found. In its brief, the State notes a number of cases including discussion of impermissible judicial comments about witnesses such as "like a crawfish does, backwards," *Jones v. State,* 166 Ark. 290, 265 S.W. 974 (1924); "Well it is just taking up the time of the jury for nothing," *Fuller v. State* 217 Ark. 679, 232 S.W.2d 988 (1950); and where a judge stated to defense counsel he would put him "right down there where he is," *Divanovich v. State,* 271 Ark. 104, 607 S.W.2d 383 (1980). In these cases reversible error was found. The judge's comment certainly highlighted the inconsistencies in Finney's testimony to that extent was error.

█ However, our analysis does not end there. In order to obtain relief under Rule 37, appellant must not only show ineffective assistance of counsel, but must also show that had counsel acted effectively, there was a reasonable probability that the defendant would have been acquitted. *Sasser v. State,* 338 Ark. 375, 993 S.W.2d 901 (1999). Ineffective assistance of counsel cannot be established merely by showing that an error was made by counsel or by revealing that a failure to object prevented an issue from being addressed on appeal. *Huls v. State,* 301 Ark. 572, 785 S.W.2d 467 (1990). In *Huls,* this court found that even if a timely objection at trial could have prevented the jury from hearing a witness's testimony, the testimony, when taken with the entire evidence

presented at trial, did not lead to a conclusion that there was a reasonable probability that the jury would have acquitted petitioner if the witness had not testified. In making a determination on a claim of counsel's ineffectiveness, we must consider the totality of the evidence presented to the judge or jury. *Id.*; *Thomas, supra.*

 Green had to rely on Finney's testimony, along with his own, to rebut evidence the police announced their entry. The judge's comment did little more than note what was already obvious, that Finney's testimony was at such variance with her statement as to call her veracity into question. So, while the court's comment may have been error, under the totality of the evidence we are not lead to the conclusion that there was a reasonable probability that the jury would have acquitted Green absent this comment by the judge.

The instant case is distinguishable from the two cases on which appellant most strongly relies, *Watkins v. State*, 222 Ark. 444, 261 S.W.2d 274 (1953), an Arkansas case and *Sosebee v. Leeke*, 293 S.C. 531, 362 S.E.2d 22 (1987), a South Carolina case. In *Watkins*, the trial court's comments went beyond a simple definition of perjury and included threats of prosecution for perjury, and this court held that the trial judge's comments actually had the effect of intimidating or coercing the witness. No such intimidation or coercion is evident or even alleged here.

 The *Sosebee* case is also distinguishable on its facts. There, the trial judge interjected comments characterizing the witness testimony for the obvious purpose of bolstering her credibility. The judge responded to defense counsel's objection to a witness's testimony by stating, "It isn't something she made up between then and now, as you suggested." Clearly, the South Carolina court there made a direct evaluative assessment of the nature of a witness's testimony. That is not present in the instant case. Given the totality of the circumstances, we hold that appellant has not shown that there is a reasonable probability, but for counsel's unprofessional errors, that the outcome of the trial would have been different. Thus, the trial court's denial of relief under Rule 37 is affirmed.

Affirmed.