Harold L. (Bud) WARD and Linda Ward *v.*
James R. WILLIAMS

CA 01–1209                          91 S.W.3d 102

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered December 4, 2002

70

*Cearley Law Firm, P.A.*, by: *Robert M. Cearley, Jr.*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson*, for appellee.

WENDELL L. GRIFFEN, Judge. This is the second appeal involving a dispute over an alleged oral contract for the sale of land located in Saline County, Arkansas, between appellants, Harold (Bud) Ward and Linda Ward, and appellee, James Williams. We affirm the trial court's decision and entry of judg-

ment for appellee based on its finding that the parties reached an enforceable oral agreement for the sale of land for which appellee was entitled to obtain specific performance.

In our previous unpublished opinion, *Williams v. Ward*, CA99-502, slip op. (Ark. App. Feb. 23, 2000), we sufficiently outlined the facts of the case. Without detailing the facts again, we simply state that appellee filed a complaint against appellants for breach of an oral contract for the sale of land and sought specific performance of that contract. Appellants denied the existence of a contract. The trial court dismissed the case at the conclusion of appellee's case in chief, upon appellants' motion for a directed verdict, finding that the parties never had a contract. We reversed and remanded, holding that the trial court applied the incorrect standard in determining whether a contract had been formed.

On remand, appellants presented their case. The deposition testimony of Harold Ward, which was not part of the record in the first appeal, was introduced into evidence. After receiving testimony from both parties, the trial court entered judgment in favor of appellee based on its finding that the parties formed an oral agreement for the sale of land and that appellee's actions of paying substantial money to appellants, making improvements and repairs, taking possession of the property, securing tenants, and collecting rent all constituted part performance so as to remove the oral contract from the statute of frauds. The trial court ordered specific performance of the oral contract. This appeal is from that decision and judgment.

## Law of the Case

Appellants raise three arguments. They first argue that the trial court erred by misinterpreting our previous decision to mean that it was required to find that an oral contract for the purchase of land had been established by clear and convincing evidence and that the actions of appellee were more than sufficient to remove the contract from the statute of frauds. As such, appellants argue that the trial court abdicated its responsibility to weigh the proof by resorting to the law-of-the-case principle.

■ ■ The law-of-the-case doctrine provides that the decision of an appellate court establishes the law of the case for the trial court upon remand and for the appellate court itself upon subsequent review and is conclusive of every question of law and fact previously decided by the appellate court. *Linder v. Linder*, 348 Ark. 322, 72 S.W.3d 841 (2002); *Clemmons v. Office of Child Support Enforcement*, 345 Ark. 330, 47 S.W.3d 227 (2001). Accordingly, a trial court must give deference to an appellate court's mandate, implementing both the letter and spirit of the mandate, given the appellate court's opinion and the circumstances it embraces. *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998).

The essence of our first opinion was that appellee established a *prima facie* case that the parties had an oral contract for the sale of land; therefore, the trial court erred in dismissing the case on appellants' motion for a directed verdict. However, appellants argue that the trial court, on remand, was operating under the mistaken belief that our opinion required it to find that the parties had a contract for the sale of land, and thus, it failed to properly weigh the evidence. Appellants support their argument by quoting the trial court's letter opinion to the parties' attorneys. This argument is without merit.

■ The letter opinion provides as follows:

> I have reviewed the proof from the hearing on January 25, 1998, and March 14, 2001, in the above referenced case as well as the plaintiff's Pre-Trial and Post Trial Briefs, the defendants' Post Trial Brief and the Opinion of the Arkansas Court of Appeals dated February 23, 2000. The Court of Appeals found that the plaintiff's proof 'demonstrates that the transaction at issue clearly had the requisite objective indicators of mutual agreement necessary to form a contract and that appellant established, by clear and convincing evidence, that an agreement was reached'.
>
> The question then is whether the defendants rebutted that proof sufficiently to conclude otherwise. The answer is no. Contrary to defendants' argument that the terms of the contract are not definite, the Opinion is very clear: 'Appellant established the property's purchase price, the amount of the down payment and

the manner in which it would be satisfied, the amount of each monthly payment, and the term of the contract'. In fact, all of the defendants' contentions are contrary to the Court of Appeals' findings.

Clearly, *in light of the proof* and the Opinion, the plaintiff should be given full credit for the $550,000.00 sale of the tract to Buford Blackwell. The contract price is paid in full, and the plaintiff is entitled to conveyance of the property by warranty deed.

As to questions regarding the rental payments received, credits for improvements, attorneys' fees and costs, those may require another hearing. Mr. Emerson, please draft a precedent consistent with this letter, and contact my case coordinator if in fact another hearing is desired. (Emphasis added.)

When we look at the trial court's statements in their entirety, it is clear that the trial court considered all the evidence — not merely that presented by appellee — before deciding in favor of appellee. The letter opinion shows that the trial court correctly understood our opinion as only holding that Williams had established a prima facie case of an oral contract, which made entry of a directed verdict for appellants inappropriate. Consistent with our opinion, implementing both the letter and spirit of our mandate, on remand, the trial court received *proof* from both parties, applied the appropriate legal standard, and reached its decision.

*Meeting of the Minds*

For their second argument, appellants contend that the trial court erred in failing to consider whether there had been a "meeting of the minds" in light of the supreme court's holding in *Williamson v. Sanofi Winthrop Pharmaceutical, Inc.*, 347 Ark. 89, 60 S.W.3d 428 (2001). More specifically, they argue that our opinion in *Williams v. Ward, supra*, stating that the phrase "meeting of the minds" was no longer in favor when considering whether a contract had been formed, was contrary to the holding in *Williamson v. Sanofi Winthrop Pharmaceutical, Inc.*

In *Williamson v. Sanofi Winthrop Pharmaceutical, Inc.*, the Arkansas Supreme Court held:

> We keep in mind two legal principles when deciding whether a valid contract was entered into: (1) a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract; and (2) it is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators.

347 Ark. 89, 98, 60 S.W.3d 428, 434 (2001). Although the supreme court used the phrase "meeting of the minds," the opinion indicated that a determination as to contract formation is to be made by using objective indicators. *Id.* Moreover, the supreme court has stated in other opinions that although it has continued to use the phrase "meeting of the minds," the meaning it gives to the phrase is its modern terminology of "objective indicators of agreement." *Glover v. Woodhaven Homes, Inc.*, 346 Ark. 397, 57 S.W.3d 211 (2001); *Crain Industries, Inc. v. Cass*, 305 Ark. 566, 810 S.W.2d 910 (1991).

■ Clearly, there is no conflict between our opinion, which holds that contract formation should be determined by focusing on objective manifestations of mutual assent, and the supreme court's opinion in *Williamson v. Sanofi Winthrop Pharmaceutical, Inc.* or other supreme court opinions, holding that contract formation should be determined by looking to objective indicators.

### Clear and Convincing Evidence

Appellants' third argument is that there is no clear and convincing evidence of the essential terms of a contract when the evidence is considered as a whole. We note that this contention directly contradicts appellants' first claim that the trial court did not weigh all the evidence due to misapprehending our first opinion.

■ Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction representing the allegations sought to be established. *Creson v. Creson*, 53 Ark. App. 41, 917 S.W.2d 553 (1996). Appellee testified that the par-

ties agreed upon a purchase price of $900,000, with a $300,000 down payment to be paid within two years, which subsequently was increased to $315,000 to be satisfied in three years, and that Harold Ward was to execute a twenty-year note at eight-percent interest for the $600,000 balance, with monthly payments of $5,018.64. Appellee stated that he paid appellants $315,000 in cash and merchandise, over a three-year period, as down payment, and that he had made at least forty payments of $5,018.64 each to appellants.

Although appellants argue that there was no contract because the parties could not agree to the terms so as to reduce their agreement to a writing, Harold Ward testified on remand that the parties agreed to a purchase price of $900,000 and that Williams was to pay $300,000 as a down payment with the $600,000 balance to be paid off in twelve months. Harold Ward further stated that Williams was to make monthly lease payments of $5,018.64 until the purchase was complete. Harold Ward acknowledged receiving approximately $315,000 for the down payment and forty payments of $5,018.64 from Williams, and that one of the payment schedules drafted by his attorney provided for $600,000 to be amortized over twenty years at eight-percent interest.

■ ■ When the testimony is in conflict on the issue of whether the parties agreed, a fact question arises that is to be determined by the trial court. *Country Corner Food & Drug, Inc. v. Reiss*, 22 Ark. App. 222, 737 S.W.2d 672 (1987). We do not reverse on a factual issue as long as there is evidence to support the trial court's finding and the finding is not clearly against the preponderance of the evidence. *Weigh Sys. S., Inc. v. Mark's Scales & Equip., Inc.*, 347 Ark. 868, 68 S.W.3d 299 (2002). A court may look to the conduct of the parties to determine their intent and to give substance to indefinite terms of a contract. *Welch v. Cooper*, 11 Ark. App. 263, 670 S.W.2d 454 (1984); *Phipps v. Storey*, 269 Ark. 886, 601 S.W.2d 249 (Ark. App. 1980).

■ The trial court considered the testimony of both parties and their conduct before reaching its decision. We are unable to

agree with appellants' argument that the decision was clearly erroneous.

Affirmed.

STROUD, C.J., BIRD and CRABTREE, JJ., agree.

HART and ROAF, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting. I disagree with the majority's conclusion that the trial judge did not abdicate his role as fact-finder in this case. Therefore, I respectfully dissent.

In our first opinion, we stated that at the conclusion of Williams's case-in-chief, the trial judge granted the directed verdict in favor of the defendant, Ward, because Williams failed to establish that an enforceable contract was created by the parties and because there was not sufficient performance of any contract to remove it from the operation of the statute of frauds. We held that the trial judge erred in granting a directed verdict in favor of Ward.

However, our opinion, in *obiter dictum*, went beyond the narrow holding that, after weighing the evidence in the light most favorable to the party opposing the directed verdict, Ward was not entitled to a directed verdict. We stated, "The evidence demonstrates that the transaction at issue clearly had the requisite objective indicators of mutual agreement necessary to form a contract and that appellant established, by clear and convincing evidence, that an agreement was reached." Further, we stated, "Appellant's actions were more than sufficient to remove the contract from the statute of frauds." In making these statements, we appeared not only to say that Ward was not entitled to a directed verdict, but also that a contract was formed and sufficiently performed to remove it from the statute of frauds.

On remand, the trial judge heard additional evidence. However, in his letter opinion, after noting that he had reviewed "the proof from the hearing[s]," the briefs of the parties, and the "Opinion of the Arkansas Court of Appeals," he stated as follows:

The Court of Appeals found that the plaintiff's proof "demonstrates that the transaction at issue clearly had the requisite objective indicators of mutual agreement necessary to form a contact and that appellant established, by clear and convincing evidence, that an agreement was reached."

The question then is whether defendants rebutted that proof sufficiently to conclude otherwise. The answer is no. Contrary to the defendants' argument that the terms of the contract are not definite, the Opinion is very clear: "Appellant established the property's purchase price, the amount of the down payment and the manner in which it would be satisfied, the amount of each monthly payment, and the term of the contract." In fact, all of the defendants' contentions are contrary to the Court of Appeals' findings.

Clearly, in light of the proof and the Opinion, the plaintiff should be given full credit for the $550,000.00 sale of the tract to Buford Blackwell. The contract price is paid in full, and the plaintiff is entitled to conveyance of the property by warranty deed.

On appeal, Ward argues that the trial judge abdicated his role as fact-finder in this case and failed to weigh the evidence adduced by the parties or judge the credibility of the witnesses. As Ward states in his brief: "It is one thing for the Chancellor to find upon correct application of the law and after hearing all of the evidence that there is an oral contract between two parties, but it is quite another to find an oral contract exists simply because this Court has found *prima facie* evidence of an oral contract based solely upon the evidence presented by one party."

I believe Ward is correct. In our earlier opinion, the only issue before us was whether the trial judge erred in granting a directed verdict in favor of Ward; we could not have "found" that a contract was formed or that there was sufficient performance of the contract to remove it from the statute of frauds. *See generally Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 264, 61 S.W.3d 835, 838 (2001). The Arkansas Supreme Court has stated that "[w]here discussion or comment in an opinion is not necessary to the decision reached therein, the discussion or comment is an *obiter dictum*." *Green v. State*, 343 Ark. 244, 250, 33 S.W.3d

485, 490 (2000). Furthermore, "the court is not bound by a conclusion stated as *obiter dictum*, even if couched in terms that infer the court reached a conclusion on a matter." *Green*, 343 Ark. at 250, 33 S.W.3d at 489. To the extent that we went beyond holding that Ward was not entitled to a directed verdict, our discussion was an *obiter dictum*. On remand, the trial judge should not have construed our opinion as making findings of fact.

The majority states, "In looking at the trial court's statements in their entirety, it is clear that the trial court considered all the evidence . . . before deciding in favor of appellee." The majority, however, does not explain how, upon examining the trial judge's statements in their entirety, it could plausibly arrive at this conclusion. Without actually saying so, the majority appears to assume that the trial judge's phrase, "in light of the proof," found in his letter opinion, suggests that the trial court considered all of the evidence. This phrase, however, is too thin a basket to carry the weight of their conclusion.

In fact, in his opinion, the trial judge makes no mention at all of any of the evidence adduced at trial. Rather, the judge extensively quotes from our opinion and explains, at length, how he is bound by this court's earlier "findings." For instance, the judge states that the "Court of Appeals found that the plaintiff's proof 'demonstrates that . . . an agreement was reached,'" that the defendants did not sufficiently rebut that proof, that "the Opinion is very clear" that the terms of the contract are definite, and that "defendants' contentions are contrary to the Court of Appeals' findings." Even the phrase apparently relied upon by the majority is coupled with the phrase, "in light of . . . the Opinion."

I conclude that the trial judge improperly and quite specifically relied on *obiter dictum* in our opinion to arrive at his conclusions, and in doing so, he abdicated his role as fact-finder in this case. I respectfully dissent.

ROAF, J., joins.