# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1214

_____

Willie Leon Green,             *
                               *
            Appellant,         *
                               *   Appeal from the United States
     v.                        *   District Court for the
                               *   Eastern District of Arkansas.
Larry Norris, Director         *
Arkansas Department of         *
Correction,                    *
                               *
            Appellee.          *

_____

Submitted:  September 14, 2004
   Filed:  January 12, 2005

_____

Before LOKEN, Chief Judge, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

    Willie Green appeals the district court's[1] denial of his 28 U.S.C. § 2254 petition for relief.  We affirm.

_____

    [1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

## I.   BACKGROUND

Green was convicted in Arkansas state court of first-degree murder and attempted capital murder and was sentenced to life plus thirty years in prison.

In January 1995, intruders broke into Green's apartment and stole money and drugs from him at gun point. One month later, the police, acting on an informant's tip, executed a search warrant at Green's apartment, looking for crack cocaine. The police used a battering ram to break into the apartment because he would not answer the door. Police insist (and some of the neighbors agree) that they yelled, "'police . . . search warrant" before breaking in the door. But Green testified at trial that the first thing he heard while watching television on his couch was the door being broken down. According to Green, his recent robbery experience prompted him to whip out a gun hidden in the couch and begin firing at the "intruders." He killed one police officer and wounded another during this unfortunate encounter.

Green presented his version of these events to the jury, which rejected his self-defense theory. The state called Green's girlfriend, Finney, who was present during the shooting, as a witness to provide evidence of Green's drug-dealing activities. While being questioned by the prosecution, Finney acknowledged that her testimony differed from her original statement to the police. On cross-examination, defense counsel asked about other matters mentioned in her original statement to the police. The state objected that this was beyond the scope of the direct examination but the trial court overruled the objection. However, the trial court then sua sponte asked Finney if she knew what perjury was, defined it for her, and reminded her that she was under oath. Defense counsel did not object to this exchange. Green was eventually convicted of first-degree murder for the police officer's death, and attempted capital murder for wounding another officer at the scene.

On direct appeal, Green alleged that the "perjury exchange" between the trial judge and Finney deprived him of a fair trial. The Arkansas Supreme Court declined to review this issue because counsel did not preserve it by objecting. Green v. State, 956 S.W.2d 849, 854-55 (Ark. 1997) ( Green I).

Green next petitioned for state postconviction relief, challenging his trial counsel's effectiveness for not objecting to the perjury exchange. In adjudicating Green's ineffective assistance claim, the Arkansas Supreme Court found that Green could meet Strickland's performance prong, but he could not establish Strickland's prejudice prong because there was no reasonable probability that, absent counsel's deficiencies, Green would have been acquitted. Green v. State, 33 S.W.3d 485, 491 (Ark. 2000) (Green II).

In the current habeas petition, Green again raises, inter alia, the ineffective assistance claim. The district court denied the claim, finding that the Arkansas courts' adjudication of the claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent. Because the Arkansas court applied Strickland, and its decision was not only reasonable, but correct, the district court denied the petition and granted a certificate of appealability on this claim.

## II.    DISCUSSION

We cannot grant Green habeas corpus relief on any claim that was "adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The first step in this analysis is to compare the state court decision with applicable Supreme Court precedent on the subject in question. The state court decision is only "contrary to" established Supreme Court precedent if the state court applied a rule that directly contradicts Supreme Court precedent

containing "materially indistinguishable" facts. <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000) (O'Connor, J., for the Court). And a state court's application of the law is not "unreasonable" if it is merely incorrect or erroneous in this court's independent judgment; rather, it must be objectively unreasonable. <u>Id.</u> at 410-11 (O'Connor, J., for the Court). Nor is citation to any particular Supreme Court case necessary "so long as neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam). Factual findings by the state court "shall be presumed to be correct," and this presumption will be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The district court's legal conclusions are reviewed de novo, <u>McDowell v. Leapley</u>, 984 F.2d 232, 233 (8th Cir. 1993), and its factual findings are reviewed for clear error, <u>Couch v. Trickey</u>, 892 F.2d 1338, 1341 (8th Cir. 1989).

Green cannot meet the above-described standard. In order to succeed on his ineffective-assistance-of-counsel claim, Green must show not only that his counsel's performance was deficient, but that he was prejudiced by his counsel's incompetence. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To establish prejudice, Green must show that there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 694. As previously noted, the Arkansas state courts correctly identified the two-part <u>Strickland</u> test as the law applicable to Green's ineffective-assistance-of-counsel claim. <u>See</u> <u>Green II</u>, 33 S.W.3d at 488-89. Because the state courts applied the proper legal standard, the only issue we resolve under the AEDPA is whether the courts' application of that standard to Green's claim was unreasonable. <u>See</u> 28 U.S.C. § 2254(d)(1); <u>Williams v. Taylor</u>, 529 U.S. at 417 (Rehnquist, C.J., concurring in part and dissenting in part) ("Generally, in an ineffective-assistance-of-counsel case where the state court applies <u>Strickland</u>, federal habeas courts can proceed directly to 'unreasonable application' review."). Our review of an ineffective-assistance-of-counsel claim is "highly deferential." <u>Strickland</u>, 466 U.S. at 689.

In this case, the state courts made a specific factual determination that the trial judge's comments were erroneous, and that counsel's performance was deficient by not objecting to the comments. Green II, 33 S.W.3d at 491. In finding that there was no reasonable probability that Green would have been otherwise acquitted, however, the Arkansas Supreme Court noted that the trial judge's comments "did little more than note what was already obvious, that Finney's testimony was at such variance to her statement as to call her veracity into question." Id. Green could rely only upon his own testimony and Finney's to rebut evidence that the police announced themselves before barging into his living room. Under the totality of the evidence–including evidence that Green was dealing drugs and was afraid of being raided by the police, and that neighbors heard the police announce themselves before entering Green's living room–the Arkansas courts determined that there was not a reasonable probability that the outcome of the proceeding would have been different. Id. Reviewing this determination under the limited and deferential standard required by the AEDPA, we hold that the Arkansas state courts reasonably concluded that Green was not prejudiced by his attorney's deficient performance.

## III.  CONCLUSION

For the reasons indicated, we affirm the judgment of the district court denying Green's petition for habeas corpus relief.

_____