**Dennis KRUTILEK, Appellant,**

v.

**Michael KENNEY, Warden, Appellee.**

**No. 04–1907.**

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 15, 2005.

Decided: March 1, 2005.

Dennis Krutilek, Lincoln, NE, pro se.

David R. Stickman, Jennifer L. Gilg, Federal Public Defender's Office, Omaha, NE, Kimberly A. Klein, Attorney General's Office, Lincoln, NE, for Respondent–Appellee.

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

PER CURIAM.

Dennis Krutilek was charged in Nebraska state-court with theft of property, a car owned by Karen Goswick and primarily driven by her daughter Julie, an acquaintance of Krutilek. During pretrial voir dire, five prospective jurors stated they had been the victims of theft or burglary. In response to questioning about their ability to be impartial, Juror Lewis indicated he hoped he could be impartial, Juror Ackerman stated her experience might interfere with her ability to be impartial, Juror Greenfield offered that someone had broken into his car and had been convicted without suggesting he could not be impartial, Juror Lannin stated she could probably be impartial, and Juror Barton stated she did not know whether she could be impartial. Defense counsel neither asked the jurors any follow-up questions about their answers nor challenged them for cause, and counsel used all of her peremptory strikes on other jurors. Following Karen's testimony during the trial, Juror Holck notified the judge that he had just realized he was acquainted with Karen's daughter, Julie. Outside the presence of the other jurors, the state trial court questioned Holck about his acquaintance. Holck stated that he did not know Julie's last name, he knew her from the Eagles Club where she worked, they had never discussed the case, and he would do his best to set aside their friendship. The state trial court found Holck was not biased, and denied Krutilek's motion for a mistrial. The trial proceeded, and Krutilek was convicted.

After exhausting state-court remedies, Krutilek brought this petition for a writ of habeas corpus arguing, among other things, that his rights to a fair trial by an impartial jury and to due process were violated because Holck, Lewis, Ackerman, Greenfield, Lannin, and Barton were biased against him, and that his trial attorney rendered ineffective assistance of counsel in failing to seek the removal of the latter five. The district court [*] held an evidentiary hearing and questioned Jurors Lewis, Ackerman, Lannin, and Barton. Each of the four jurors testified they had decided the case on the facts alone and deemed themselves impartial in the matter. The district concluded none of the jurors were actually biased. The district court also held Krutilek had not given the court reason to overrule the state courts'

[*] The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

presumptively correct finding that Holck could set aside his friendship with the victim's daughter and decide the case based on the evidence alone. Because the jurors were not biased, the district court concluded there was no denial of Krutilek's right to a fair trial by an impartial jury, and even if counsel's performance in failing to remove the jurors was deficient, no prejudice resulted from counsel's failure. Accordingly, the district court denied Krutilek's petition for a writ of habeas corpus.

■ On appeal, Krutilek contends he was denied a fair trial by an impartial jury. Krutilek argues Holck's responses to the state trial court's questions show he was actually biased and the trial court was motivated by the lack of an alternate juror and avoidance of a retrial. We must presume the state court's findings regarding Holck's bias are reasonable, and having reviewed Holck's testimony, we conclude Krutilek failed to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Green v. Norris*, 394 F.3d 1027 (8th Cir.2005). Krutilek also contends bias should be presumed in this case. According to Krutilek, Karen's credibility was a key factor in the case, and favoritism towards Julie was automatically bias against him. "[P]resumed bias is reserved for extreme cases, such as when a juror is a close relative of a party or victim in the case." *See United States v. Tucker*, 243 F.3d 499, 509 (8th Cir.2001). Holck and Julie's casual acquaintance was not a relationship warranting a presumption of bias. *See id.*

Krutilek also contends the equivocal responses of the five other jurors show actual bias. The district court held an evidentiary hearing and gave Krutilek an opportunity to prove the jurors were biased against him. *See Johnson v. Armontrout*, 961 F.2d 748, 752 (8th Cir. 1992). The jurors testified they were not biased. Thus, the district court's finding that there was no actual bias is not clearly erroneous. *See Green*, 394 F.3d at ——.

■ Krutilek last argues his trial attorney's failure to seek removal of the five jurors denied him the effective assistance of counsel. To show ineffective assistance of counsel, Krutilek must show both that counsel's performance fell below an objectively reasonable standard, and that the defective performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *White v. Luebbers*, 307 F.3d 722, 727–28 (8th Cir.2002). In our view, "counsel's performance fell below what can [reasonably] be expected of a professional defender." *Id.* at 727. Krutilek's attorney admitted at the evidentiary hearing that Krutilek's trial was her first and having no voir dire strategy, she did not attempt to follow up the jurors' equivocal answers with more questioning, or try to have the jurors removed for cause. Nevertheless, because the jurors were not biased, Krutilek cannot show his attorney's failure prejudiced him. After reviewing the record, including the jurors' testimony that they had been impartial and had decided the case based on the facts alone, we cannot say we lack confidence in the outcome of Krutilek's trial. *See id.* at 728.

We thus affirm the district court's denial of Krutilek's petition for a writ of habeas corpus.