# SUPREME COURT OF ARKANSAS

**No.** CR–14–489

| | |
|---|---|
| SAMUEL HARTMAN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 29, 2015<br><br>APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT [NO. CR–13–81]<br><br>HONORABLE WILLIAM PEARSON, JUDGE<br><br><u>AFFIRMED IN PART; REVERSED AND DISMISSED IN PART</u>. |

### RHONDA K. WOOD, Associate Justice

Samuel Hartman appeals his convictions for rape and tampering with physical evidence.[1] He argues that substantial evidence does not support the convictions. He also contends that the circuit court erred when it failed to remove a juror with ties to the rape victim's family and failed to give a lesser-included-offense jury instruction for the rape charge. We affirm on all points except for the tampering-with-physical-evidence conviction, which we reverse and dismiss.

## I. *Background Facts*

Samuel Hartman's stepdaughter, E.R., told her mother that Hartman had touched her genitals. E.R. was nine-years old at the time. Her mother decided to take E.R. to a forensic psychologist for an interview. Hartman found out about the interview and

---

[1] Hartman was also convicted of interfering with an emergency communication, but he has not appealed that conviction.

became upset. A fight ensued. E.R. ran to a neighbor's house for help, and the neighbor called the police.

After the police arrived, Hartman agreed to go to the police station for an interview. At the station, Officer Jonathan Little began questioning Hartman and recorded the interview with a small digital-recording device. Hartman eventually admitted that he had touched E.R.'s genitals. Officer Little ended the interview, stopped recording, and stepped out of the room, taking the device with him to allow Hartman to make a phone call in private.

While Hartman was on the phone, Officer Little reentered the room, placed the recording device down, and exited. Officer Little could see Hartman through partially open mini-blinds and observed Hartman standing up near the device's location. After Hartman finished his call, Officer Little came back into his office, turned the recording device off, and took Hartman to jail.

Officer Little later noticed there were too many files on the recording device. Before he interviewed Hartman, there were five files on the device. The interview should have been file six, and Hartman's phone call should have been file seven. Instead, nine files were on the device. After further investigation, Officer Little discovered that his original interview with Hartman was not one of the nine extant files.

The case proceeded to a jury trial. There, E.R. testified that Hartman had penetrated her. Further, Officer Little recounted both Hartman's confession and the events following, including his discovery of the missing and added files to the recording device. At the end of the trial, the jury convicted Hartman of rape and tampering with

physical evidence. Hartman was sentenced to life in prison for the rape conviction and six years in prison for the tampering-with-physical-evidence conviction. The court ruled that the sentences would run concurrently.

## II.    *The Rape Conviction*

Hartman argues that his rape conviction is not supported by substantial evidence and that the circuit court erred when it denied his directed-verdict motions. Specifically, he argues that the victim, E.R., gave inconsistent statements to her mother and a forensic psychologist, that E.R. had a motive to lie, and that no physical findings backed up E.R.'s testimony that penetration had occurred. However, Hartman's directed-verdict motions did not raise these specific arguments, and these issues are not preserved for review.

Arkansas Rule of Criminal Procedure 33.1 provides the requirements for making a directed-verdict motion:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
>
> . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.

Ark. R. Crim. P. 33.1(a), (c) (2014). In order to preserve for appeal a court's decision on a directed-verdict motion, the issue must be stated clearly and specifically to the circuit court. *Pinell v. State*, 364 Ark. 353, 219 S.W.3d 168 (2005). One reason for the specificity

requirement is to allow the State, if justice requires, to reopen its case to present the missing proof; another reason is to ensure that this court does not decide an issue for the first time on appeal. *Id.*

Here, Hartman's defense counsel made the following directed-verdict motion at the close of the State's case-in-chief:

DEFENSE COUNSEL:          First off, concerning the charge of rape, although I think maybe the State has—may have made a prima facie case for a lesser[-included offense], I do not believe they have met the burden on the rape charge—concerning the charge of rape and the elements thereof.

Defense counsel also renewed the directed-verdict motion following the close of all the evidence:

DEFENSE COUNSEL:          Now coming to the issue of rape. Although the rape statute is a little more broad under—for sexual intercourse and deviate sexual activity, the State has argued throughout the case under deviate sexual activity. For that reason I believe that the State, at best, may have made again a sexual contact thing but—and I know that the Court has got the issue concerning our Supreme Court has addressed the issues of the over-broadness and vagueness perhaps of the deviate—definition of deviate activity here; but I believe that the State has not met its burden in showing that the actions of our client meet the deviate sexual activity.

Neither of these motions made the specific arguments that Hartman now pursues on appeal. Because these arguments were never raised to the circuit court, Hartman's argument is not preserved for our review. *See Williamson v. State*, 2009 Ark. 568, 350 S.W.3d 787. We therefore affirm the rape conviction.

### III.    *The Tampering-with-Physical-Evidence Conviction*

Hartman argues that his conviction for tampering with physical evidence is not supported by substantial evidence and that the court should have granted his directed-verdict motion. He specifically argues that the State failed to provide evidence that he, Hartman, ever touched the recording device. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Whitt v. State*, 365 Ark. 580, 232 S.W.3d 459 (2006). When reviewing a challenge to the sufficiency of the evidence, this court assesses the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Gillard v. State*, 366 Ark. 217, 234 S.W.3d 310 (2006). We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Green v. State*, 2013 Ark. 497, 430 S.W.3d 729.

Circumstantial evidence may constitute substantial evidence to support a conviction. *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216. To be substantial, the circumstantial evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id.* Whether circumstantial evidence excludes every other reasonable hypothesis is usually a question for the jury. *Murry v. State*, 276 Ark. 372, 635 S.W.2d 237 (1982).

A person commits the offense of tampering with physical evidence if he alters, destroys, suppresses, removes, or conceals any record, document, or thing with the purpose of impairing its verity, legibility, or availability in any official proceeding or

investigation. Ark. Code Ann. § 5-53-111(a) (Repl. 2005). The offense is a felony if the person impairs or obstructs the prosecution or defense of a felony. Ark. Code Ann. § 5-53-111(b)(1).

Viewing the evidence in the light most favorable to the State, we conclude that the jury had to speculate to convict Hartman of tampering with physical evidence. There was no direct evidence that Hartman ever touched the digital recorder. The only evidence to suggest that Hartman had touched the recording device was Officer Little's testimony that the device should have had seven, rather than nine, recordings on it; his testimony that his interview with Hartman's confession was missing; and the two audio recordings that were played to the jury, which suggested that there were two recordings after the confession instead of only one. All of these things could have resulted from the recorder malfunctioning. Moreover, Officer Little never testified that he listened to the recording of the confession before he noticed it was missing. As a result, the evidence failed to exclude every other reasonable hypothesis, and the jury had to speculate that the confession was actually properly recorded and later removed, that the device did not malfunction, and that Hartman deleted and added recordings. Accordingly, substantial evidence does not support Hartman's conviction for tampering with physical evidence, and we reverse and dismiss his felony conviction for that charge.[2]

IV.    *Juror Removal*

Hartman also contends that the circuit court should have removed a juror with ties to E.R.'s family. At the beginning of the trial's second day, the defense called a witness

---

[2] Hartman separately challenged the felony nature of the charge, a point we decline to address because we have reversed the underlying conviction.

who testified that before jury selection started she had seen one of the jurors talking to E.R.'s great-great-aunt. The great-great-aunt was sworn and testified that she knew the juror's family but that the two never discussed the trial during their approximately seven-minute conversation. Hartman argues that the court erred when it failed to excuse this juror. We do not reach this argument because Hartman failed to ask the court to remove the juror.

After the court heard testimony from the two witnesses regarding the juror's relationship with the victim's family, the court and defense counsel engaged in the following colloquy:

| DEFENSE COUNSEL: | Well the disparaging thing from the Defense standpoint is obviously we have put a juror on the panel that knows that family, the family of the victim; and obviously if we knew that, we wouldn't have put him on the jury. |
|---|---|
| THE COURT: | Well I don't recall anybody asking in voir dire. |
| DEFENSE COUNSEL: | We had one peremptory challenge left, and had we known his relationship with that family, I would have utilized that peremptory challenge. |
| . . . . | |
| THE COURT: | Well we are not going to go back and conduct another voir dire on a question you all had an opportunity to inquire into. Furthermore, I don't see any prejudice has been shown here. I just don't see any. |

Once this exchange ended, the court moved on to other matters. At no point did the defense ask the judge to remove the juror in question. This court has made it clear that it is up to the appellant to obtain a clear ruling on an issue in order to preserve that point for appeal. *Anderson v. State*, 357 Ark. 180, 163 S.W.3d 333 (2004). In order to preserve an

argument for appeal, there must be an objection in the trial court that is sufficient to apprise that court of the particular error alleged. *Love v. State*, 324 Ark. 526, 922 S.W.2d 701 (1996); *Moore v. State*, 321 Ark. 249, 903 S.W.2d 154 (1995). Hartman failed to ask for the juror to be removed; therefore, he has waived his right to pursue this argument on appeal because he never raised a specific error to the court.

V.     *Lesser-included Instruction*

Finally, Hartman contends that the circuit court erred when it refused to give his proffered jury instruction for second-degree sexual assault, which he argues is a lesser-included offense of rape. A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen (14) years old. Ark. Code Ann. § 5-14-103(a)(3) (Repl. 2013). A person commits second–degree sexual assault if he is eighteen (18) years of age or older and engages in sexual contact with another person who is less than fourteen (14) years of age and not his spouse. Ark. Code Ann. § 5-14-125(a)(3). Hartman acknowledges that we have rejected the argument that second-degree sexual assault is a lesser-included offense to rape in two previous cases. *Webb v. State*, 2012 Ark. 64; *Joyner v. State*, 2009 Ark. 168, 303 S.W.3d 54. We reasoned that second-degree sexual assault is not a lesser-included offense of rape because it requires proof of two elements that rape does not: the defendant's age (18 or over) and the defendant's marital status (not married to the victim). A conviction for rape does not require proof of these elements, which means "sexual assault is not 'established by proof of the same or less than all of the elements required' to establish rape." *Joyner*, 2009 Ark. 168, at 12, 303 S.W.3d at 61 (citing Ark. Code Ann. § 5-1-110(b)). Adhering to stare decisis,

we decline to overrule our settled precedent on this issue. *See Brown v. State*, 321 Ark. 413, 903 S.W.2d 160 (1995). We hold that the court did not abuse its discretion when it declined Hartman's request to include a lesser-included-offense jury instruction.

VI.      *Rule 4-3(i) Compliance*

Under Arkansas Supreme Court Rule 4–3(i) (2014), the record has been reviewed for all objections, motions, and requests that were decided adversely to Hartman and no prejudicial error has been found.

Affirmed in part; reversed and dismissed in part.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.