SLIP OPINION

Cite as 2017 Ark. 7

# SUPREME COURT OF ARKANSAS

**No.** CR–16–420

| | | |
|---|---|---|
| SAMUEL HARTMAN | | **Opinion Delivered:** January 19, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, OZARK DISTRICT [24OCR-13-81] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE WILLIAM M. PEARSON, JUDGE |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Samuel Hartman appeals from an order of the Franklin County Circuit Court denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015) filed following his conviction for rape. Appellant argues on appeal that the circuit court erred in denying his petition because (1) his trial counsel made disparaging remarks about him during closing arguments and (2) his trial counsel was ineffective for failing to object to certain trial testimony as hearsay. Appellant also argues that the matter should be remanded to the circuit court for that court to consider additional evidence regarding his claim that his trial counsel was ineffective for failing to present evidence at trial that he had a sexually-transmitted disease and the victim did not. We affirm.

Appellant was tried before a Franklin County jury on charges of rape and tampering with physical evidence. The victim was his stepdaughter. Among the evidence submitted

SLIP OPINION

at trial was testimony that appellant admitted to police that he had touched the victim's genital area. Appellant was found guilty and sentenced to life imprisonment. Appellant's conviction for rape was affirmed by this court.[1] *Hartman v. State*, 2015 Ark. 30, 454 S.W.3d 721. After appellant's direct appeal concluded, he filed a petition for relief under Rule 37 in the circuit court. Following a hearing, the circuit court entered an order denying appellant's petition. Appellant subsequently filed a motion for reconsideration in which he alleged that he had found evidence that contradicted testimony given at the hearing. The motion for reconsideration was denied. This appeal followed.

This court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Adkins v. State*, 2015 Ark. 336, at 1, 469 S.W.3d 790, 794 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* When considering an appeal from a trial court's denial of a postconviction petition based on a claim of ineffective assistance of counsel, the sole question presented is whether under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred when it held that counsel was not ineffective. *Hooks v. State*, 2015 Ark. 258, at 3–4, 465 S.W.3d 416, 419 (per curiam). Under the *Strickland* test, a petitioner must show that counsel's performance was deficient, and a petitioner must demonstrate that he was prejudiced by counsel's deficient performance. *Pennington v. State*, 2013 Ark. 39, at 1–2

---

[1] This court reversed the conviction for tampering with physical evidence.

2

(per curiam). A defendant making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Miller v. State*, 2011 Ark. 114 (per curiam). In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors; a reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Delamar v. State*, 2011 Ark. 87 (per curiam).

Appellant first argues that the trial court erred by denying his petition because his trial counsel made derogatory comments about him during closing arguments in the guilt phase. At the onset of his closing argument to the jury during the guilt phase, appellant's trial counsel, Ernest Witt, made the following remarks:

> Now [the prosecutor has] called [appellant] a purveyor of young women, young girls, and he finally just called him essentially a pervert. You know what, I kind of agree with him. You probably do too; but you guys know what he is charged with? He's charged with rape, and that's why I'm here today.
> . . . .
> The charge is rape. . . This is a rape case, and I've got a client over there that's done some things that shouldn't have been done, and I'm here today not to praise him but I'm not here to bury him on any charge he's not guilty of.
> . . . .
> [The victim] tells her mother what happened to her, and that happened to her I'm convinced it did. That man sitting over there did things to her; but remember what the Prosecutor said in opening statement. We must prove penetration. Not rubbing, not fondling but penetration. So she tells her mother nothing about penetration.
> . . . .
> That scallywag over there probably irritated the heck out of those ladies up there and they were probably going to get him and maybe he did deserve to be gotten on something, but my position here is that guy sitting over there is not guilty of rape. He's guilty of some bad stuff.
> . . . .

3

Witt testified at the hearing on appellant's petition that he made the statements in an effort to build empathy with the jury and get it to understand that, while appellant had admitted engaging in conduct that could be termed perverse, the State had failed to prove that he had committed the offense of rape with which he was charged. In its order denying the petition, the trial court found that counsel was not ineffective for making the statements because, given the proof which included appellant's own statements to police, counsel had no choice but to pursue a strategy of differentiating to the jury the conduct admitted to by appellant and the elements of the offense with which he was charged.[2] Appellant argues in his brief that the trial court erred by finding that there was a proper strategic or tactical basis for making the comments to the jury.

Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. We conclude that counsel's strategy was reasonable given the particular circumstances presented. Appellant admitted to police that he had engaged in sexual contact with the victim, although he never admitted to penetration, which is required to establish the offense of rape. The prosecution indicated in its closing that the evidence showed that appellant had engaged in perverse behavior. Faced with appellant's admissions, counsel was left with a difficult task.

---

[2] The trial court did not instruct the jury as to any lesser-included offenses. The offense of rape has no lesser-included offenses.

If he defended his client from the allegation by the prosecution that he had engaged in perverse behavior, he might lose credibility with the jury, as appellant had clearly admitted to sexual contact with a young girl. If he ignored appellant's statements to police, he created an opportunity for his client to be convicted based on his admission to conduct that did not meet the requirements for the offense of rape. The trial court was correct that the only avenue available to counsel given the evidence was to distinguish appellant's admitted conduct from the requirements of the offense charged. In order for such a strategy to have any chance of succeeding, the jury had to see counsel as a reasonable, credible person. While counsel's tactical choices might have been different with the benefit of hindsight, the strategy guiding his decision was reasonable. The fact that the strategy was unsuccessful does not render counsel's assistance ineffective.

Appellant next argues that his counsel was ineffective because he failed to object to certain testimony by a police officer that he contends should have been objected to as hearsay. At trial, Ozark Chief of Police Corey Tedford testified that he responded to a call of a domestic disturbance between appellant and his wife, who is the victim's mother. He testified regarding several statements made by the victim's mother while he was at the scene. According to Chief Tedford, she told him that appellant struck a couple of doors during their argument, took her cell phone when she attempted to call the police, and prevented her from leaving the house. She also told him that appellant had become angry when he discovered that she was taking the victim to a forensic interview regarding the allegations that he had sexually abused the victim and that she believed that appellant had sexually

assaulted her daughter.[3]  Witt testified that he did not object to the testimony because, although he did not know what use he would make of the statements at the time, he wanted to "leave the door open."  In its order, the trial court denied the claim, stating that appellant failed to identify which hearsay statements were inadmissible, appellant failed to demonstrate how he was prejudiced, and that counsel was not ineffective for failing to object because the testimony allowed for effective cross-examination of Chief Tedford.

In his brief, appellant states that the trial court was incorrect when it stated that he failed to identify the hearsay testimony to which he was objecting and lists the specific testimony.  Appellant's argument misapprehends the trial court's ruling.  In its ruling, the trial court states that appellant failed to identify which of the hearsay statements were *inadmissible*.  In other words, appellant failed to argue that the hearsay testimony would not have been allowed into evidence under an exception to the hearsay rule.  Appellant again fails to specify in his brief which hearsay statements would have been deemed inadmissible had an objection been made; he simply identifies statements that he believes were hearsay. In order to carry his burden to demonstrate prejudice, a petitioner must show, when making a claim of ineffective assistance for failing to raise an objection or make an argument, that the objection or argument would have been successful if made. *See Reese v. State*, 2011 Ark. 492 (per curiam).  As appellant has failed to demonstrate that an objection on the basis of hearsay would have been successful, his argument on this point fails.

---

[3] Much of the testimony was cumulative to other testimony at trial.

SLIP OPINION

Appellant's final argument is that the trial court erred by denying his motion for reconsideration. In his petition, appellant alleged that his counsel was ineffective for failing to present evidence at trial that he and his wife both had chlamydia and that the victim did not. At the hearing on appellant's petition, Witt testified that he had not been informed of this at the time of trial. The trial court denied the claim in its order, finding that Witt was not ineffective for failing to present evidence of the infection because he was not aware of it and that appellant failed to demonstrate that the victim's not having a chlamydia infection was relevant to the issue of whether a rape had been committed.

After the order denying appellant's petition was entered, appellant filed a motion for reconsideration in which he argued that subsequent to the entry of the order his postconviction counsel had discovered in his trial counsel's notes a passage that he asserted belied Witt's assertion at the hearing that he was unaware of the chlamydia issue. The trial court denied the motion for reconsideration.

Appellant admits in his brief that, pursuant to Arkansas Rule of Criminal Procedure 37.2(d), rehearing of a circuit court's decision on a petition filed pursuant to Rule 37 is not permitted. This court has permitted motions for reconsideration concerning issues omitted from the circuit court's consideration, *see Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000); however, appellant further admits that this exception does not apply. Rather, appellant contends that this presents an issue of later-discovered evidence impeaching a witness's testimony that must be considered by the trial court in order to uphold the integrity of the circuit court's findings.

Appellant has failed to demonstrate a sufficient basis for the establishment of another exception to Rule 37.2(d). While his postconviction counsel did not discover the evidence until after the hearing on the Rule 37 petition, there is no indication that the evidence was unavailable to appellant before that time or that it had somehow been wrongfully withheld. As such, it appears that appellant simply failed to discover evidence he could have used to impeach Witt at the hearing. Under these circumstances, appellant's motion for reconsideration was improper, and the circuit court did not err by denying it.[4]

Affirmed.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.

---

[4] Although appellant takes issue with the trial court's finding that he failed to prove that the evidence of a chlamydial infection was relevant, he does not argue that the trial court erred in denying the claim, only that it erred in denying his motion for reconsideration. Furthermore, his only requested relief on this point is for the matter to be remanded for consideration of the chlamydia issue. As the motion for reconsideration was improper, consideration of appellant's other claims on this point is unnecessary.