
# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR–16–55

| | |
|---|---|
| LAMAR DANIEL RON WILSON<br>APPELLANT | **OPINION DELIVERED:** JUNE 21, 2017<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-15-14] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

In this no-merit appeal, Lamar Daniel Ron Wilson was sentenced on October 5, 2015, to six years' imprisonment in the Arkansas Department of Correction (ADC) following his no-contest plea to sexual indecency. A timely notice of appeal was filed on October 26, 2015. Wilson's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k) (2016), in which counsel asserts that there is no issue of arguable merit to support an appeal. Wilson was provided a copy of his attorney's brief and motion notifying him of his right to present pro se points for reversal, but no pro se points were filed. The State elected not to file a brief with our court. In furtherance of the goal of protecting constitutional rights, it is the duty of both counsel and this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly

frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001). We affirm and grant counsel's motion to withdraw.

Wilson was originally charged with raping a nine-year old girl, and he was ultimately convicted of second-degree sexual assault. The jury recommended twenty years' imprisonment, and the trial court sentenced Wilson on August 14, 2015, to twenty-years' imprisonment in the ADC and fined him $15,000. On August 25, 2015, Wilson filed a motion for new trial, arguing that second-degree sexual assault was not a lesser-included offense of rape. *Hartman v. State*, 2015 Ark. 30, 454 S.W.3d 721. The State admitted that the sexual-assault charge was not a lesser-included offense of rape but asked that the trial court enter the jury's determination of guilt on the sexual-indecency charge.

At the hearing on Wilson's motion, it was announced that an agreement had been reached wherein Wilson pled no contest to the sexual-indecency charge, and a plea and waiver was introduced that had been signed by Wilson, his counsel, and the prosecutor. The trial court sentenced Wilson to six years' imprisonment, and a sentencing order was filed on October 5, 2015.

On October 8, 2015, Wilson filed a motion to vacate judgment, arguing that he had never been charged with the offense of sexual indecency with a child and no amendments to his charges had been made. On October 26, 2015, the trial court entered an order denying the motion to vacate, reciting that Wilson had participated in a negotiated plea,

entered a no-contest plea to the reduced charge of sexual indecency with a child and was

sentenced by the trial court to six years in the ADC. This appeal timely followed.[1]

A request to withdraw on the ground that the appeal is wholly without merit shall

be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1).

The brief shall contain an argument section that consists of a list of all rulings adverse to the

defendant made by the circuit court on all objections, motions, and requests made by either

party with an explanation as to why each adverse ruling is not a meritorious ground for

reversal. *Id.*; *see also Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). This framework

ensures that indigents are afforded their constitutional rights. *Campbell*, *supra*.

Counsel argues that there are no nonfrivolous issues that would support an appeal in

this case. Counsel contends that there were objections raised during the jury trial related to

(1) Arkansas Rule of Evidence 404(b); (2) hearsay testimony; (3) jury instructions for

second-degree sexual assault as a lesser-included offense of rape; (4) a directed-verdict

motion; and (5) a motion for mistrial for comments related to Wilson's failure to testify and

for jury verdicts on both lesser-included offenses. However, the jury's guilty verdicts from

that trial were vacated, and Wilson pled no contest to sexual indecency, rendering his trial

objections moot. Counsel contends that there is no merit to an appeal of Wilson's

conviction based on his plea of no contest to sexual indecency, and we agree. Except as

provided by Arkansas Rule of Criminal Procedure 24.3(b) (2016), there shall be no appeal

---

[1]Wilson filed on December 7, 2015, a petition for relief under Arkansas Rule of Criminal Procedure 37 (2016), claiming ineffective assistance of counsel. On December 16, 2015, the trial court denied the petition because the appeal was pending. *See* Ark. R. Crim. P. 37.2(a). Wilson's notice of appeal was not amended to include this order.

from a plea of guilty or nolo contendere. Ark. R. App. P.-Crim. 1 (2016); *see also Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296.

Next, counsel discusses the trial court's erroneous jury instruction. A habeas petition may be successful if the trial court lost subject-matter jurisdiction. *Bliss v. Hobbs*, 2012 Ark. 315. The charge of second-degree sexual assault is not a lesser-included offense to the charge of rape. Ark. Code Ann. § 5-14-125(a)(3) (Repl. 2013); *Hartman*, *supra*. Sexual indecency is not a lesser-included offense to the charge of rape. Ark. Code Ann. § 5-14-110; *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004). However, in *Birchett v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990), the Arkansas Supreme Court held that a trial court does not lose subject-matter jurisdiction by erroneously instructing a jury on a lesser-included offense.

Counsel notes that a criminal defendant can elect to waive constitutional and statutory rights during the plea-bargaining process. *U.S. v. Mezzanatto*, 513 U.S. 196 (1995). The Eighth Circuit Court of Appeals has upheld the general validity of a sentencing appeal waiver in a plea agreement. *U.S. v. Andis*, 333 F.3d 886 (8th Cir. 2003).

Counsel contends that no objection was made to the jury instruction for sexual indecency at trial or in Wilson's posttrial motion for new trial, which was granted. Wilson then entered into a negotiated plea to the sexual-indecency charge, and he waived his right to appeal. Wilson did not raise an argument for double jeopardy prior to or during his plea. In light of *Birchett* and *Bliss*, the trial court did not lose jurisdiction. Wilson waived his right to appeal, which is permitted under *Mezzanatto*. He then raised an objection to a sexual-indecency charge under a double-jeopardy challenge post plea and judgment in his motion

4

to vacate.    Failure to raise this issue in a timely manner negates its preservation for appeal. *Lockhart v. State*, 2017 Ark. 13, 508 S.W.3d 869.    And finally, counsel maintains that Wilson's allegations of ineffective assistance of counsel may be addressed after the mandate following appeal.    *See* Ark. R. Crim. P. 37.2.

Thus, the trial court did not err in setting aside Wilson's original convictions and entering a judgment on his plea of no contest to sexual indecency with a child.    From our review of the record and the brief presented to us, we find compliance with Rule 4–3(k) and that there is no merit to an appeal.    Therefore, we affirm Wilson's conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and GLOVER, JJ., agree.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellant.
No response.