# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3639
_____

Samuel Hartman

*Plaintiff - Appellant*

v.

Dexter Payne, Director Arkansas Department of Corrections

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: January 12, 2021
Filed: August 9, 2021
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

Samuel Hartman has filed a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, in an effort to overturn an Arkansas rape conviction. He blames the lawyers who represented him in state court for his confinement. The district court[1] had a

---

[1]The Honorable P. K. Holmes, III, United States District Judge for the Western District of Arkansas.

different view and rejected his ineffective-assistance-of-trial-counsel claim. We conclude that the claim was procedurally defaulted, so we affirm the denial of habeas relief.

I.

An Arkansas jury heard evidence that Hartman raped his stepdaughter by repeatedly penetrating her with his fingers and penis. Based on the evidence it heard, including testimony from the stepdaughter herself, the jury found Hartman guilty of rape. He received a life sentence, and the Arkansas Supreme Court affirmed the conviction on direct appeal. *See Hartman v. State*, 454 S.W.3d 721, 723–24 (Ark. 2015).

Not long after, Hartman initiated state postconviction proceedings by filing a petition alleging that trial counsel had been ineffective for failing to present evidence that both he and his wife had chlamydia, a sexually transmitted disease. In his view, counsel's misstep took away a "powerful[ly] exculpatory" argument: he could not have raped his stepdaughter without infecting her too. After holding an evidentiary hearing, the circuit court rejected the ineffective-assistance-of-trial-counsel claim, in large part based on the testimony of trial counsel, who denied knowing about the chlamydia.

About a month after the circuit court denied the petition, Hartman's postconviction counsel filed a motion for reconsideration. In the interim, he had found a note written by trial counsel. It said that the "wife had clamedia [sic] ended up both had clamedia [sic]," which seemed to contradict his testimony that he was unaware of it. The circuit court denied the motion without comment.

Hartman fared no better at the Arkansas Supreme Court. *See Hartman v. State*, 508 S.W.3d 28, 33–34 (Ark. 2017). It refused to consider the merits of his ineffective-assistance-of-trial-counsel claim because, perhaps surprisingly, he never argued that the circuit court was wrong when it initially denied relief. *See id.* at 34

n.4.  Instead, he focused his attention on the denial of the motion for reconsideration, which the Arkansas Supreme Court dealt with in short order by relying on a procedural rule that says that "[n]o petition for rehearing shall be considered."  Ark. R. Crim. P. 37.2(d); *see Hartman*, 508 S.W.3d at 33–34, 34 n.4.

By filing a timely petition for a writ of habeas corpus, Hartman has now turned to federal court.  *See* 28 U.S.C. § 2254.  After hearing from witnesses at an evidentiary hearing, a magistrate judge recommended granting relief on his ineffective-assistance-of-trial-counsel claim.  The district court, for its part, disagreed and denied the petition in its entirety.

## II.

Hartman asks us to review the merits of his ineffective-assistance-of-trial-counsel claim even though the Arkansas Supreme Court did not.  Generally speaking, "when a state court [has] declined to address a prisoner's federal claim[] because" of "a state procedural requirement," federal courts treat it as procedurally defaulted and will not review it either.  *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (explaining that the state procedural requirement must be "a nonfederal ground adequate to support the judgment" and "firmly established and consistently followed").  One exception to this general rule is when a prisoner can establish "cause for the default and actual prejudice."[2]  *Coleman*, 501 U.S. at 750.

---

[2]Hartman does not ask us to apply another exception, which allows us to correct "a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750; *see Twin Cities Galleries, LLC v. Media Arts Grp., Inc.*, 476 F.3d 598, 602 n.1 (8th Cir. 2007) (explaining that arguments "raised for the first time at oral argument" are "waived").  Even if he had, however, he has not established that "no reasonable juror would have found [him] guilty."  *Thomas v. Payne*, 960 F.3d 465, 473 (8th Cir. 2020) (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

There is no serious dispute that Hartman procedurally defaulted his ineffective-assistance-of-trial-counsel claim. *See id.* at 729–30. Instead, he tries to resurrect it on federal habeas review through the cause-and-prejudice exception. *Id.* at 750. The cause, he says, is that *postconviction* counsel was ineffective for failing to find the note earlier so that he could impeach trial counsel with it during the evidentiary hearing in state court. If the argument sounds complicated, it is.

What Hartman has in mind is the *Martinez* exception. Usually, ineffective assistance of state postconviction counsel does not provide cause for a procedural default. *See Coleman*, 501 U.S. at 752–55. Under *Martinez*, however, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance [of trial counsel] if, in the *initial*-review collateral proceeding . . . [postconviction] counsel . . . was ineffective." 566 U.S. at 17 (emphasis added); *see also Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013) (applying *Martinez* to Arkansas proceedings).

Timing matters. *See Martinez*, 566 U.S. at 9, 16; *see also Thomas*, 960 F.3d at 469. If the default occurs at the initial-review collateral proceeding, then postconviction counsel's ineffectiveness can provide cause. *See Martinez*, 566 U.S. at 9, 14; *Thomas*, 960 F.3d at 469. But when the default happens later, after "the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial," it cannot. *Martinez*, 566 U.S. at 16; *see also Thomas*, 960 F.3d at 469. That is why we have held that the *Martinez* exception does not apply to defaults on appeal. *See Thomas*, 960 F.3d at 469.

With *when* being the key question here, there are two possibilities. The first is that the default happened when the case was in front of the circuit court, which means that the *Martinez* exception would be available. The other is that it happened sometime later, in which case postconviction counsel's ineffectiveness would not provide cause for Hartman's default. In our view, the default happened later.

Key to our conclusion is the fact that the circuit court heard and decided Hartman's ineffective-assistance-of-trial-counsel claim on the merits. *See Thomas*, 960 F.3d at 472–73 (explaining that, when a claim is adjudicated on the merits in an initial-review collateral proceeding, there is no procedural default); *cf. Worthington v. Roper*, 631 F.3d 487, 497 (8th Cir. 2011) (noting that "the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits"). After an evidentiary hearing, it decided both that trial counsel was never "informed" about the chlamydia and that, in any event, the evidence would have been irrelevant.

To be sure, the circuit court went on to note that Hartman "fail[ed] to preserve th[e] claim," but only because he presented "no facts" showing how the evidence would have been relevant to his defense. Although the phrase "fail[ed] to preserve" may make this sound like default, the court was commenting on "the weakness of [Hartman's] claim[] on the merits," *Thomas*, 960 F.3d at 472, not his failure to raise it. *See Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1261 (11th Cir. 2014) ("Claims reviewable on the merits are, quite simply, not procedurally defaulted . . . .").

It makes no difference that the note only came up after the circuit court made its initial decision. After all, it "merely provide[d] additional evidentiary support for" a claim that the circuit court had already considered and rejected. *Rhines v. Young*, 899 F.3d 482, 495 (8th Cir. 2018) (quotation marks omitted). Just because Hartman's claim would have been stronger had postconviction counsel found the note earlier does not mean that the failure to locate it was itself a default at the initial-review stage. *See Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) (declining to "conflat[e] . . . shoddy advocacy and procedural default"); *see also Thomas*, 960 F.3d at 473 (explaining that "[t]he weakness of support for the claims in the [postconviction] petition and hearing has no bearing on whether the claims were actually presented"); *West v. Carpenter*, 790 F.3d 693, 699 (6th Cir. 2015)

(concluding that, even if postconviction counsel's ineffectiveness led the court to erroneously deny a claim on the merits, the claim was not procedurally defaulted).

So if not then, when?  The answer, it turns out, is that the default occurred when the case was on appeal to the Arkansas Supreme Court.  At that point, Hartman decided not to "argue that the [circuit] court erred in denying the [ineffective-assistance-of-trial-counsel] claim," opting instead to focus solely on the denial of "his motion for reconsideration."  *Hartman*, 508 S.W.3d at 34 n.4.  Once the Arkansas Supreme Court concluded that it was "unnecessary" to address the claim based on his failure to raise it, it was defaulted.  *Id.*; *see Thomas*, 960 F.3d at 473; *Sasser v. Payne*, 999 F.3d 609, 614–15 (8th Cir. 2021); *Arnold v. Dormire*, 675 F.3d 1082, 1086–87 (8th Cir. 2012); *see also Baptist Health v. Murphy*, 373 S.W.3d 269, 289 (Ark. 2010) ("We have repeatedly made clear that we will not address arguments that are not sufficiently developed . . . .").

To sum up, the procedural default first occurred on appeal, not at the "initial-review collateral proceeding," *Arnold*, 675 F.3d at 1087, which takes the *Martinez* exception off the table.  *See Thomas*, 960 F.3d at 471–73 (reaching the same conclusion); *Sasser*, 999 F.3d at 614–15 (same).  In these circumstances, with no cause to excuse the procedural default, "federal habeas review of the claim[] is barred."  *Coleman*, 501 U.S. at 750.

III.

We accordingly affirm the judgment of the district court.

_____

-6-