Cite as 2022 Ark. 169

# SUPREME COURT OF ARKANSAS

No. CR-21-513

| | | |
|---|---|---|
| DENZELL BRAUD | | **Opinion Delivered:** September 29, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | | [NO. 60CR-16-2644] |
| STATE OF ARKANSAS | | HONORABLE CHRISTOPHER |
| | APPELLEE | CHARLES PIAZZA, JUDGE |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Denzell Braud appeals from the trial court's denial of his petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2019).[1] On appeal, Braud contends that he is entitled to postconviction relief because (1) he was subject to an unlawful arrest; (2) his property was seized pursuant to an unconstitutional search and seizure; (3) his privilege against self-incrimination was violated; (4) his due-process rights were violated by an unduly suggestive photo lineup; and (5) he was denied effective assistance of appellate counsel. Because Braud fails to demonstrate entitlement to Rule 37.1 relief, we affirm the trial court's denial of the petition.

---

[1]Braud timely filed a Rule 37.1 petition on December 19, 2019. The trial court found that the petition made allegations with insufficient factual support and granted Braud ten days in which to file an amended petition. Braud filed an amended Rule 37.1 petition on January 30, 2020, and it is on that petition that the trial court denied relief.

## I.  *Background*

Braud was found guilty by a Pulaski County Circuit Court jury of capital murder and two counts of first-degree battery.[2]  Braud appealed his convictions and sentences, arguing the trial court abused its discretion by denying his motion for mistrial based on statements made by a witness, Dennis Driskill, during cross-examination.  We affirmed.  *Braud v. State*, 2019 Ark. 256, 583 S.W.3d 392.[3]

## II.  *Standard of Review*

We will not reverse the trial court's ruling on a petition for postconviction relief under Rule 37.1 unless it is clearly erroneous.  *Sirkaneo v. State*, 2022 Ark. 124, 644 S.W.3d 392.  A finding is clearly erroneous when, although there is evidence to support it, the

---

[2] Braud was sentenced as follows:

Count 1: Capital Murder – Life imprisonment without the possibility of parole, with a 12-month enhancement under Arkansas Code Annotated section 5-4-702(a)(1) to run consecutively.

Count 2: Battery in the First-Degree – 120 months' imprisonment to run concurrently to count one, with a twelve-month enhancement under Arkansas Code Annotated section 5-4-702(a)(8) to run consecutively.

Count 3: Battery in the First Degree – 120 months' imprisonment with a 120-month enhancement under Arkansas Code Annotated section 16-90-120(a), both to run concurrently to counts one and two.

[3]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record.  *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921.

### III. *Claims for Relief*

On appeal, Braud argues that his arrest was invalid because it was warrantless and without probable or reasonable cause in violation of the Fourth Amendment and Arkansas Code Annotated section 16-81-106 (Repl. 2005). He also argues that, although he refused to waive his *Miranda* rights and the results of the gunshot-residue test were not used at trial, "[his] property was seized." Braud contends, as he did below, that his privilege against self-incrimination was violated when Detective Tommy Hudson stated that Braud had made a statement during the gunshot-residue test admitting to having shot a gun that day. Braud further contends that Detective Hudson took a photo of Braud and utilized it in an unduly suggestive photo lineup and that a witness, Dennis Driskill, did not give any prior description of Braud and merely picked him out of the suggestive photo lineup, which was a violation of his due-process rights. Last, Braud argues that appellate counsel was ineffective.

Arguments made to the trial court but not included in arguments on appeal are considered abandoned. *Sylvester v. State*, 2017 Ark. 309, 530 S.W.3d 346. Braud has abandoned the claims made below that trial counsel was ineffective for failing to argue the trustworthiness of the witnesses' statements as well as evidentiary claims regarding Rules 611 and 804 of the Arkansas Rules of Evidence. Moreover, we will not consider arguments that are raised for the first time on appeal, including constitutional arguments. *Sirkaneo*, 2022 Ark. 124, 644 S.W.3d 392. Braud's claim that evidence was seized pursuant to the gunshot-

3

residue test was raised for the first time on appeal and was not ruled on by the trial court. As a result, we will not consider the argument. In reference to his actual or constructive denial-of-counsel claim, Braud contends that he "made a mistake stating trial when in fact [he] meant [a]ppeal." The trial court ruled on the claim below with arguments regarding a claim of ineffective assistance of trial counsel.[4] As such, the argument now raised with respect to appellate counsel is raised for the first time on appeal, and we will not consider it.

## A. Unlawful Arrest

Braud argues that he was arrested without a warrant, probable cause, or reasonable cause in violation of Arkansas Code Annotated section 16-81-106, resulting in a violation of his Fourth Amendment rights. Claims of an illegal arrest do not concern fundamental error because an invalid arrest does not entitle a defendant to be discharged from responsibility for the offense, and they are not cognizable in Rule 37.1 proceedings. *Sirkaneo*, 2022 Ark. 124, 644 S.W.3d 392; *see also McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859. An illegal arrest, without more, has never been viewed as an absolute argument against a valid

---

[4]In his initial Rule 37.1 petition, Braud made a conclusory claim that appellate counsel abandoned all valid points on appeal. However, the trial court's order addressed only the issues raised in the amended petition and did not address the issues in the original petition. It is the appellant's obligation to obtain a ruling on any omitted issues in order to preserve those issues for appeal. *Lowery v. State*, 2021 Ark. 97, 621 S.W.3d 140. Notwithstanding Braud's obligation, the initial Rule 37.1 petition was found by the trial court to lack factual support for the issues raised. *See Gordon v. State*, 2018 Ark. 73, 539 S.W.3d 586 (Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief.).

conviction. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994) (citing *United States v. Crews*, 445 U.S. 463 (1980)).

## B. Self-Incrimination

Braud next contends that although Detective Hudson claimed Braud had made a statement admitting that he shot a gun on the day of the gunshot-residue test, Braud insists he made no such statement. Braud also claims that the statement was a violation of his privilege against self-incrimination because it was not given freely and that he had invoked his right to counsel. In its order denying relief, the trial court noted that a hearing was held on the matter on July 28, 2018, where both parties briefed the issue.[5] The trial court found that Braud's statement was a spontaneous statement, contrary to Braud's argument that the detective knew the test was reasonably likely to elicit an incriminating response. The statement was admitted at trial; however, the gunshot-residue-test results were not.

To the extent Braud challenges whether his *Miranda* rights were violated, a challenge to *Miranda* warnings must first be raised at trial.[6] *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325. In the same vein, to the extent Braud challenges the statement as a factual question on

---

[5]The record lodged in the direct appeal reflects that a hearing was held on July 26, 2018.

[6]This court has explained that the Fifth Amendment right to counsel attaches during custodial interrogation. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189 (citing *Osburn v. State*, 2009 Ark. 390, 326 S.W.3d 771).

the admissibility of the statement, it is a question that could have been raised and addressed at trial—and it was. Such claims are not cognizable in Rule 37.1 proceedings because Rule 37.1 is not available as a direct challenge to the admissibility of evidence or to raise questions of trial error, even questions of constitutional dimension. *McClinton*, 2018 Ark. 116, 542 S.W.3d 859.

## C. Photo Lineup

In making a claim of a due-process violation, Braud argues that Detective Hudson took a photograph of him to place in a photo lineup compiled by Detective Kevin Simpson, which Braud claims was unduly suggestive because the photo of him was taken at a different distance than the other photos in the lineup. Braud further argues that Driskill, a witness, "didn't give any prior description of [him, and the] only thing he did was pick [him] out of [the] suggestive photospread." This court has held that the allegation of a due-process violation based on alleged trial error regarding the admissibility of evidence is not cognizable in Rule 37.1 proceedings. *Williams v. State*, 2017 Ark. 123, 517 S.W.3d 397; *see also State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. In denying postconviction relief, the trial court noted that the photo-lineup issue was addressed during a pretrial hearing on July 28, 2018, where Detective Simpson and Driskill were questioned, and arguments were made by both parties. The trial court denied the motion to suppress, finding that the witness's credibility was a question to be decided by the jury. For the reasons set forth above, Braud has failed to demonstrate he is entitled to Rule 37.1 postconviction relief.

Affirmed.

*Denzel T. Braud*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.